# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GL MUSIC, INC., a California corporation,<br><br>       Plaintiffs,<br>v.<br><br>ESSENTIAL MEDIA GROUP LLC AND JOHN DOES 1 THROUGH 10,<br><br>       Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff GL MUSIC, INC., ("GL Music"), maintaining its principal place of business at 15760 Ventura Blvd., Suite 1020, Encino, CA 91436, by and through undersigned counsel, brings this Complaint and Jury Demand against defendants ESSENTIAL MEDIA GROUP LLC ("Essential Media"), maintaining its principal place of business at 1835 E. Hallandale Beach Blvd, Suite 621, Hallandale, FL 33009, and defendants John Does No. 1 through 10 (the "Doe Defendants") (collectively, "Defendants") for damages, and in support thereof states as follows:

## SUMMARY OF THE ACTION

      1.     Plaintiff brings this action for, *inter alia*, violations of Plaintiff's exclusive rights under the Copyright Act, Title 17 of the United States Code. Plaintiff maintains that Defendant Essential Media, and certain of its officers and/or members have, without authorization, reproduced, distributed and/or publicly performed copies of sound recordings belonging to Plaintiff.

## THE PARTIES

      2.     Steve Lawrence ("Steve") and Eydie Gorme ("Eydie") were singers and musical performers active on Broadway, on television and in the record industry from the 1950s through

the first decade of the 2000s, who together constituted the Grammy-winning pop duo "Steve and Eydie."

3. Plaintiff GL Music is a California corporation. GL Music owns and manages the musical intellectual property of Steve and Eydie.

4. Upon information and belief, Defendant Essential Media is a Florida limited liability company maintaining its principal office in Broward County, Florida.

5. Upon information and belief, the Doe Defendants are officers or members of Defendant Essential Media.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, Title 17 of the United States Code.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant is subject to personal jurisdiction in Florida because the Defendant is a registered entity and has its principal place of business in Florida.

9. Venue in this District is proper under 28 U.S.C. § 1400(a) because the defendants reside or may be found in this District.

## STATEMENT OF RELEVANT FACTS

**I.    The Works at Issue**

    A.    The Golden Rainbow Masters

10. In 1968, Steve and Eydie starred in a Broadway musical, *Golden Rainbow*. That year, Calendar Records released a cast album from *Golden Rainbow* including, *inter alia*, a sound recording of "I've Gotta Be Me" performed by Steve (the "I've Gotta Be Me Recording").

11. At all times relevant to the claims recited herein, GL Music has been the sole owner of copyright in the Golden Rainbow Masters (defined below).

12. Specifically, Steve and Eydie collectively own the following sound recordings (collectively, the "Golden Rainbow Masters"):

   a. Overture;
   b. 24 Hours a Day;
   c. We Got Us;
   d. He Needs Me Now;
   e. Kid;
   f. For Once In Your Life;
   g. Taking Care of You;
   h. I've Gotta Be Me;
   i. Entr'acte;
   j. Taste;
   k. Desert Moon;
   l. All In Fun;
   m. It's You Again/He Needs Me Now;
   n. Golden Rainbow;
   o. How Could I Be So Wrong; and
   p. Finale: We Got Us.

13. Calendar Records dissolved in 1968. Pursuant to the terms of its dissolution, the Golden Rainbow Masters were assigned to Sands Productions, Inc., a New York entity wholly owned by Steve and Eydie. In 1983, Sands Productions, Inc. merged into Stage Two Productions,

Inc., a Nevada corporation wholly owned by Steve and Eydie. Stage Two Productions, Inc. dissolved in 1993 and its assets were assigned to GL Music, Inc., a Nevada corporation ("GL Music Nevada"), jointly owned by Steve and – Eydie being deceased – Steve and Eydie's son and heir, David Lawrence.  In 2024, GL Music Nevada was merged into Plaintiff, wholly owned by David Lawrence.

14.  Pursuant to 17 U.S.C. § 1401, Plaintiff filed schedules of the Golden Rainbow Masters, as sound recordings predating 1972, with the Register of Copyrights on December 26 and 29, 2023.  True and correct copies of these schedules are attached hereto as Exhibit 1.

## II.  Defendant's Infringement

15.  Upon information and belief, in or about May 2024, Defendant Essential Media has been reproducing copies of the Golden Rainbow cast album, containing each of the Golden Rainbow Masters.

16.  Upon information and belief, since at least May 2024, Essential Media sold and distributed copies of the Golden Rainbow cast album via, among others, the online retailer, Amazon.com.  As of February 4, 2025, copies were still being offered for sale on Amazon.com. True and correct copies of screenshots of Amazon.com's website as of February 4, 2025 are attached hereto as Exhibit 2.  True and correct copies of screenshots of Tower Records's website as of February 4, 2025 are attached hereto as Exhibit 3.

17.  On information and belief, Essential Media has falsely represented to the Mechanical Licensing Collective – a copyright management organization which licenses streaming services in the United States – that Essential Media holds the copyright in the Golden Rainbow Masters.  True and correct copies of screenshots of the music streaming service Spotify's website as of February 4, 2025 are attached hereto as Exhibit 4.

4

18. Additionally, or in the alternative, on information and belief, Essential Media has purported to grant directly to Spotify and/or other music streaming services a license to stream the Golden Rainbow Masters.

19. Plaintiff has not authorized Essential Media to reproduce, distribute or publicly perform the Golden Rainbow Masters.

20. Accordingly, reproduction, distribution and/or public performance of the Golden Rainbow Masters by Essential Media and/or third parties purportedly licensed by Essential Media infringe Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 1401.

21. Upon information and belief, one or more of the Doe Defendants knew or should have known that Defendant Essential Media had no right to reproduce, distribute or publicly perform the Golden Rainbow Masters or to receive any proceeds flowing therefrom.

22. In or about May 2024, Plaintiff discovered Essential Media's unauthorized reproduction, distribution and/or public performance of the Golden Rainbow Masters.

23. Upon information and belief, Defendant Essential Media has earned monies from its reproduction, distribution and/or public performance of the Golden Rainbow Masters, and/or its practice of purported licensing of third parties to do so.

24. Despite communication with Defendant Essential Media's counsel in June 2024, Defendant Essential Media has not provided an accounting of these monies to Plaintiff nor ceased its infringing activity.

25. Despite receiving notice of its infringement from undersigned counsel in or about May 2024, as illustrated by Exhibits 2 and 3 hereto, Defendant Essential Media has apparently continued to reproduce, distribute and publicly perform the Golden Rainbow Masters, and or to purport to license others to do so.

## COUNT 1

**DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION, DISTRIBUTION AND PUBLIC PERFORMANCE OF INFRINGING WORKS**
(*as against Defendant Essential Media*)

26. Plaintiff incorporates the allegations of paragraphs 1-25 of this Complaint as if fully set forth herein.

27. Plaintiff is the rightful owner of the Golden Rainbow Masters, which are sound recordings fixed before February 15, 1972.

28. Plaintiff has filed schedules of the Golden Rainbow Masters with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

29. Defendant Essential Media reproduced the Golden Rainbow Masters, and caused the copies of the Golden Rainbow Masters to be distributed and/or publicly performed without Plaintiff's authorization, in violation of 17 U.S.C. §§ 106 and 1401.

30. Defendant Essential Media performed the acts alleged in the course and scope of its business activities.

31. Accordingly, Defendant Essential Media's creation of unauthorized reproductions of the Golden Rainbow Masters, and subsequent willful distribution to consumers, constitutes infringement under Title 17 and Plaintiff is entitled to the greater of actual damages or statutory damages in an to be determined at trial, plus Plaintiff's costs and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1401.

## COUNT 2

## DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION
(*as against Defendant Essential Media*)

32. Plaintiff incorporates the allegations of paragraphs 1-25 of this Complaint as if fully set forth herein.

33. Plaintiff is the rightful owner of the Golden Rainbow Masters, which are sound recordings fixed before February 15, 1972.

34. Plaintiff has filed schedules of the Golden Rainbow Masters with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

35. On information and belief, Defendant Essential Media deliberately caused copies of the Gold Rainbow Masters to be distributed accompanied by false copyright management information in the knowledge and with the intent that doing so would conceal Defendant Essential Media's infringement, and to mislead third parties seeking licenses to use the Golden Rainbow Masters into seeking such licenses from Defendant Essential Media.

36. Defendant Essential Media's knowing and intentional distribution of copies of the Golden Rainbow Masters accompanied by false copyright management infringes Plaintiffs rights under 17 U.S.C. §§ 1202 and 1401, and accordingly Plaintiff is entitled to the greater of actual or statutory damages in an amount to be determined at trial, plus its costs and attorneys' fees pursuant to 17 U.S.C. §§ 1203(b) and 1401.

## COUNT 3
## CONTRIBUTORY/VICARIOUS
## COPYRIGHT INFRINGEMENT – DAMAGES
(*as against the Doe Defendants*)

37. Plaintiff incorporates the allegations of paragraphs 1-25 of this Complaint as if fully set forth herein.

38. Upon information and belief, certain officers, proprietors and/or agents of Defendant Essential Media (the Doe Defendants), and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the infringing reproduction distribution and/or public performance of the Golden Rainbow Masters.

39. Further, upon information and belief, certain officers, proprietors and/or agents of Defendant Essential Media (the Doe Defendants), and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the infringing reproduction distribution and/or public performance of the Golden Rainbow Masters accompanied by false copyright management information.

40. Upon information and belief, the Doe Defendants had the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct.

41. By reason of the Doe Defendants' acts, Plaintiff is entitled to damages in an amount to be determined at trial in an amount to be determined at trial pursuant to 17 U.S.C. §§ 504, 1203 and 1401, plus its costs and attorneys' fees pursuant to 17 U.S.C. §§ 505, 1203 and 1401.

## COUNT 4
## UNJUST ENRICHMENT
(*as against Defendant Essential Media*)

42. Plaintiff incorporates the allegations of paragraphs 1-25 of this Complaint as if fully set forth herein.

43. Essential Media has been enriched as a result of receiving certain monies from the unauthorized reproduction, distribution and/or public performance of the Golden Rainbow Masters which are owed to Plaintiff as the rightful and sole owner of the Golden Rainbow Masters.

44. Essential Media received the monies at Plaintiff's expense as a result of Defendant's false representation that Essential Media is the owner of the Golden Rainbow Masters.

45. As a result of these false representations, monies from the sales of the Golden Rainbow Masters have been directed to Essential Media, rather than to Plaintiff.

46. It would be against equity and good conscience to permit Essential Media to retain these monies.

47. Accordingly, Plaintiff is entitled to disgorgement of all such wrongfully obtained moneys.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants as follows:

   i. that Defendants be required to pay Plaintiff its actual damages and Defendants' collective profits attributable to the infringement or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203 and 1401;

   ii. that Defendants be required to disgorge all moneys wrongfully obtained as a result of its infringing activities;

   iii. that Defendants be required to pay Plaintiff its attorneys' fees and costs of suit pursuant to 17 U.S.C. §§ 505, 1203 and 1401; and

   iv. that Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 24, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**ROMANO LAW PLLC**

　　　　　　　　　　　　　　　　　　*/s/ Andres Munoz*
　　　　　　　　　　　　　　　　　　Andres Munoz, Esq.
　　　　　　　　　　　　　　　　　　Florida Bar No. 1030820
　　　　　　　　　　　　　　　　　　237 S. Dixie Highway, 4th Floor
　　　　　　　　　　　　　　　　　　Coral Gables, Florida 33133
　　　　　　　　　　　　　　　　　　Tel: (786) 744-6400
　　　　　　　　　　　　　　　　　　andres@romanolaw.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*